JAMES BIGLER and others, Respondents, *v.* THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appellants.

*Fraud — what evidence proper to establish.*

Appeal from a judgment in favor of the plaintiffs, entered on a verdict directed by the court.

This action was brought to recover the balance, alleged to be due from the defendant to the plaintiff, for lumber and timber delivered to the department of docks, and used in the construction of docks.

The complaint is upon a contract made between the plaintiffs and the department of docks. The contract contains no safeguards to protect the city against the delivery of unmerchantable and worthless material, except what is contained in the clause providing, that all material delivered under it shall be "subject to the inspection and approval of the superintendent of repairs and supplies of the department of docks." The defendants, by their answer, alleged that the materials furnished by the plaintiffs were unfit and improper to be used in the docks, and were unmerchantable; and that, with full knowledge of such facts, the plaintiffs fraudulently procured the certificates of inspection and approval set forth in the complaint. The answer also alleges that the plaintiff did not furnish the timber and lumber required by the contract, as to size and quality, but furnished an inferior quality, and fraudulently caused the same to be certified to the defendants, as being the kind of materials and supplies called for by the contract, and alleges damages, in consequence of such fraud, in excess of the amount due to the plaintiffs under the contract, which the defendants claim

to recoup against the plaintiffs. The plaintiffs took issue as to the alleged recoupment by reply.

Upon the trial, evidence offered on the part of the defendants to show that the timber and lumber were bad and of an inferior quality was rejected, on the ground that the contract did not call for merchantable lumber and timber, or for any particular quality of those articles, and that defendants were precluded from showing their quality or defects, because they had been accepted by the officers of the dock department. The General Term *held*, that this was error. That for the purpose of establishing the alleged fraud, it was important for the defendants to show that the timber and lumber delivered under the contract were not only not in compliance with its terms, but were unfit for the uses of the dock department. That this was a necessary element in the defense of fraud, and it was also one, which, if proved with sufficient clearness, and to such an extent as to satisfy the jury that the lumber and timber delivered were so worthless and unfit for the use of the docks, by reason of being rotten, shaky, wavy and unmerchantable, and by reason of deficiency in size, that these facts must have been known from simple inspection by the plaintiffs and the officers of the dock department, and would have justified the jury in finding collusion between the plaintiffs and the officers, sufficient to have proved the defendants' allegations of fraud in making the certificates. That it was altogether too narrow a view of the case, to hold that the defendants were precluded from going into any facts material to show the alleged frauds, because such facts would not be allowable as a defense to the contract if no fraud were alleged or set up.

The General Term further *held*, that the testimony of those experts who had examined the docks in which this lumber was put, on the subject of the quality and fitness of the material with which such docks were constructed, and the size of the timber and lumber used, was competent to lay before the jury in connection with other evidence identifying the timber and lumber, with greater or less force, as that delivered by the plaintiffs, for their consideration.

*James M. Smith*, for appellants. *E. L. Fancher*, for respondents.

Opinion by Davis, P. J. Daniels, J., concurred. Brady, J., did not take part in the decision.

Judgment reversed and new trial ordered, costs to abide the event.